UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　Plaintiff<br><br>v.<br><br>CORNFIELD, et al.,<br><br>　　Defendants | Case No.: 3:22-cv-00108-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 10, 17, 18 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's emergency motion for a preliminary injunction and request for oral argument. (ECF No. 10.) Defendants filed a response (ECF No. 22), and Plaintiff filed a reply (ECF No. 24). Plaintiff has also filed two additional motions requesting oral argument and oral argument in person. (ECF Nos. 17, 18.)

After a thorough review, it is recommended that Plaintiff's motions be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 8.) The events giving rise to this action took place while Plaintiff was housed at Warm Springs Correctional Center (WSCC). (*Id.*)

The court screened Plaintiff's complaint and allowed him to proceed with claims for retaliation under the First Amendment against Cornfield, Rynerson, Gregoire, and Meza; claims for unsafe prison conditions under the Eighth Amendment against Cornfield, Gregoire and Meza;

and Fourteenth Amendment Equal Protection Clause claims against Cornfield and Gregoire. (ECF No. 4.)

Plaintiff subsequently filed this emergency motion for preliminary injunction requesting that the court order Defendants to give Plaintiff seven months and 20 days of work-day credits, and 160-days of good-time credit for time he should have been participating in the Phoenix Program to advance his parole eligibility date.

## II. DISCUSSION

Preliminarily, Plaintiff's "emergency motion" does not contain the required declaration under Local Rule 7-4, which is itself a basis to deny the motion. LR 7-4(c).

Next, in seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

The court agrees with Defendants that there is not a sufficient nexus between the claims proceeding in this action and the relief Plaintiff seeks in this motion such that the court lacks authority to grant the requested relief.

In his motion, Plaintiff asserts that his parole eligibility date should have been May 1, 2022, but Defendants have set it more than a year later, on May 30, 2023. Plaintiff states the date was

moved out because he was prevented from earning work-day credits and because he was improperly terminated from the Phoenix Program, where he would have earned good-time credits. Specifically, Plaintiff argues that he has atrophy and arthritis in his knees and back which limit his ability to do physical labor. He claims he repeatedly requested to be able to work in a non-physically challenging job within NDOC that accommodated his physical condition so he could earn work-day credits; however, he was continually told he had to start in the kitchen or on yard labor, both of which he was physically incapable of doing. He asserts that the failure to accommodate his physical condition in the work setting resulted in his parole eligibility date being pushed back about seven months and 20 days.

In addition, Plaintiff asserts that he requested and was approved for placement in the Phoenix Program on August 26, 2021; however, he was inappropriately terminated from the program on two occasions when he faced false disciplinary charges for not being able to climb to the top bunk. The charges were eventually dismissed as baseless. Plaintiff claims that his parole eligibility date was pushed back another 160 days because of the time he was not in the Phoenix Program.

Plaintiff is not proceeding with claims in this action that his parole eligibility date was improperly moved out because he was not allowed to obtain work-day credits due to a failure to accommodate his physical condition in the prison work setting or because he was improperly terminated from the Phoenix Program.

Insofar as Plaintiff seeks to connect this request for relief with his claim that he was terminated from the Phoenix Program because of his physical condition and an inability to climb to the top bunk, the court dismissed these claims from this action as duplicative of claims raised in case 3:22-cv-00044-RCJ-CLB. (ECF No. 4 at 8:19-9:3.)

Plaintiff was allowed to proceed with an Equal Protection Clause claim against Cornfield based on allegations that upon entry into the program, Cornfield told Plaintiff that there were too many black inmates in the program and he (Cornfield) did not like that. Cornfield later told Plaintiff he had rank in a white supremacist prison gang, and tried to have Plaintiff assaulted and assigned him to a top bunk. The court found this was sufficient to plead that Cornfield, a white drug counselor, singled Plaintiff out for mistreatment because he was black. The claim does not involve the failure to provide him with work-day or good-time credits that would have advanced his parole eligibility date.

While Plaintiff's physical condition and the Phoenix Program are relevant to Plaintiff's claims, the connection between the claims proceeding here and the relief Plaintiff seeks by way of this motion—good time credits for the time he claims he should have been given for prison work and participation in the Phoenix Program to advance his parole eligibility date—is far too tenuous to justify the court granting Plaintiff the relief he seeks. In other words, if Plaintiff were ultimately successful on his retaliation, Eighth Amendment and equal protection claims in this action, the relief Plaintiff might be granted would not reasonably encompass an advancement of his parole eligibility date.

The court lacks authority to grant the requested relief; therefore, Plaintiff's emergency motion for a preliminary injunction should be denied. Under Local Rule 78-1, all motions may be considered and decided with or without a hearing. The court finds that this motion is suitable for determination without a hearing and oral argument, and Plaintiff's requests for oral argument should also be denied.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's emergency motion for injunctive relief (ECF No. 10) as well as his requests for oral argument (ECF Nos. 17, 18).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 10, 2022.

_____
Craig S. Denney
United States Magistrate Judge