AARON D. FORD
  Attorney General
AUSTIN T. BARNUM (Bar No. 15174)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-0661 (phone)
(702) 486-3773 (fax)
Email:  abarnum@ag.nv.gov

*Attorneys for Defendants*
*Steven Cornfield, Debra Gregoire,*
*Veronica Meza, and Colter Rynerson*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON, | Case No. 3:22-cv-00108-MMD-CSD |
| Plaintiff, | |
| vs. | **ORDER GRANTING** |
| CORNFIELD, *et al.*, | **MOTION FOR EXTENSION OF TIME** |
| Defendants. | |

Defendants Steven Cornfield, Debra Gregoire, Veronica Meza, and Colter Rynerson, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Austin T. Barnum, Senior Deputy Attorney General, hereby notify move this Court for an extension of time to oppose Plaintiff's motion to compel from December 5, 2022, to December 19, 2022.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   RELEVANT BACKGROUND**

Johnson brings this action pursuant to 42 U.S.C. § 1983. After mandatory screening, this Court ordered that Johnson may proceed on the following allegations:

a. First Amendment retaliation claims against Defendants Cornfield, Rynerson, Gregoire, and Meza; (ECF No. 4 at 10:1-11:6);

b. Eighth Amendment claims of unsafe prison conditions against Defendants Cornfield, Gregoire, and Meza; (*Id.* at 16:12-15); and

Page **1**

1         c.      Fourteenth Amendment equal protection claim against Defendant Cornfield and Defendant Gregoire for alleged animus based on Johnson's race. (*Id.* at 14:10-15:2).

This Court summarily dismissed Johnson's allegations that he was excluded from any programs based upon a disability. *Id.* at 8:19-9:3. This Court also excluded the case from the Inmate Early Mediation program because of the number of cases Johnson has filed and the unsuccessful history of the program where Johnson is the Plaintiff. ECF No. 6.

Johnson served Defendants with written discovery. Johnson received responses from defendants thereafter. Johnson filed a motion to compel regarding allegedly inadequate responses. ECF No. 27. Johnson alleges that he sent letters requesting a meet and confer and received no responses and was required to file the motion to compel without having a meet and confer. *Id.*

Undersigned counsel went on paternity leave on October 21, 2022, and did not return to the office until November 21, 2022. While it is true that Johnson mailed a letter requesting a meet and confer that was received in undersigned counsel's email inbox on November 16, 2022, undersigned counsel did not return to work until November 21, 2022. The deadline for discovery is February 27, 2023. ECF No. 15 at 7. The discovery motion deadline is March 14, 2023. *Id.* Without attempting a secondary letter and after waiting less than two weeks, Johnson filed the motion to compel.

Additionally, undersigned counsel is leaving the employ of the Attorney General's Office and starting at a private firm on November 28, 2022. Accordingly, tomorrow (because of the holiday) is undersigned counsel's final day in the office. A new deputy attorney general will be assigned this case and will require time to either oppose, supplement responses, and/or meet and confer with Johnson regarding this matter.

## II. LEGAL DISCUSSION

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Here, there is good cause for extending the current deadline for the proposed joint pretrial order. First, undersigned counsel was on paternity leave when the letter was sent requesting a meet and confer. There is ample time before discovery motions are due and Johnson could have sent a second letter or remained more patient. However, Johnson decided to file a motion in less than two weeks from the time the letter was mailed. As a result, undersigned counsel had no opportunity to set up a meet and confer with Johnson and a deputy attorney general who would assist in taking over this case. Second, undersigned counsel is going to a private law firm and starts on November 28, 2022. Third, the new deputy attorney general receiving this case will do so on the heels of a holiday and will need time to review the discovery, the case, and properly prepare an opposition to the motion to compel.

### III. CONCLUSION

This Court should extend the deadline to oppose the motion to compel from December 5, 2022, to December 19, 2022.

DATED this 22nd day of November, 2022.

AARON D. FORD
Attorney General

By: /s/ Austin T. Barnum
AUSTIN BARNUM (Bar No. 15174)
Senior Deputy Attorney General
*Attorneys for Defendants*

IT IS SO ORDERED.

DATED: November 23, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

Page **3**